IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDDIE MARLOW, (SPN #01226099) Plaintiff, vs. KIM OGG, Defendant. | § § § § § § § § § § § CIVIL ACTION H-19-1446 |

## MEMORANDUM AND OPINION

Eddie Marlow, an inmate of the Harris County Jail ("HCJ"), sued in April 2019, alleging civil rights violations resulting from a denial of due process. Marlow, proceeding pro se and in forma pauperis, sues Kim Ogg, the District Attorney for Harris County.

The threshold issue is whether Marlow's claims should be dismissed as frivolous.

**I.     Marlow's Allegations**

Marlow asserts that he was arrested for assault on a family member. He states that on September 23, 2018, a probable cause hearing was conducted, and his misdemeanor offense was improperly enhanced to a felony offense based on false evidence.

Marlow states that his request for a bond reduction has been denied. Marlow seeks $500,000.00 in compensatory damages.

Online research reveals that Marlow was indicted on the following charges in the 184th Judicial District Court of Harris County, Texas:

(1) assault on a family member with a previous conviction, on September 22, 2018, in Cause Number 160594901010. His next court date is May 3, 2019; and

(2) assault on a family member with a previous conviction, on October 2, 2018, in Cause Number 160711401010. His next court date is May 3, 2019.

## II. Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Claims Against Prosecutors

Marlow seeks damages against Kim Ogg, the Harris County District Attorney, for her conduct in pre-trial proceedings. Liberally construed, Marlow complains that his misdemeanor offense was improperly enhanced to a felony offense. He also complains that his request for bond reduction was improperly denied based on comments from the prosecutor. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities

"intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford*, 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The actions Marlow complains of are related to the judicial process and were undertaken in furtherance of the attorney's advocacy function in their representation of the government. Kim Ogg is entitled to absolute immunity from Marlow's suit, and the damages claims against Kim Ogg are dismissed.

**IV.    Conclusion**

Marlow's motion to proceed in forma pauperis, (Docket Entry No. 2), is GRANTED. The action filed by Eddie Marlow (SPN #01226099) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). The Court notes that Marlow has previously raised similar claims against the Harris County District Attorney's Office in Civil Action Number 4:18-4674, which was dismissed for failure to state a claim. Marlow is admonished that future filings of frivolous or malicious complaints may result in the imposition of sanctions, including monetary sanctions and orders precluding him from access to courts without prior judicial authorization.

The HCJ must deduct twenty percent of each deposit made to Marlow's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(2)    the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on April 26, 2019.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE